IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GILLANI CONSULTING, INC.,** a Delaware corporation | § § § § | |
| **Plaintiff** | § § § | |
| | § | CIVIL ACTION NO. 3-07CV1488-O |
| v. | § § § | |
| **FERGUSON ENTERPRISES, INC.,** a Virginia corporation | § § § | |
| **Defendant.** | § § § | |

**GILLANI CONSULTING, INC.'S MOTION
TO COMPEL PRODUCTION AND TO STRIKE AND BRIEF IN SUPPORT**

**I.     INTRODUCTION**

In support of its Motion for Summary Judgment [Dkt. 131], Defendant Ferguson Enterprises, Inc. ("Ferguson") filed a previously unproduced document, which it appears Ferguson had, up to the time of filing its summary judgment, withheld as privileged. Thus, Ferguson's "production" of the document for the first time at summary judgment is untimely, without explanation, and resulted in depriving Plaintiff Gillani Consulting, Inc. ("Gillani") of the opportunity to question the author and recipient of the document regarding its contents during their depositions. Moreover, if this document was in fact withheld for privilege, Ferguson's improper use of the attorney-client privilege and work product doctrine results in the waiver of those privileges on related documents. Furthermore, the document is plainly not privileged on its face, which calls into question the propriety of Ferguson's remaining privilege designations.

Gillani requests that the Court strike the unproduced document and all references to it

from Ferguson's motion for summary judgment as a sanction for Ferguson's improper withholding of the document and untimely production.  Furthermore, Gillani requests that the Court conduct an *in camera* review of the remaining 25 documents on Ferguson's privilege log to determine both the extent to which Ferguson has waived privilege on those documents and whether Ferguson has improperly invoked privileges on those documents.  Finally, Gillani requests its reasonable attorneys' fees and costs associated with bringing this motion.

## II.  FACTS

On April 5, 2010, Ferguson filed an appendix in support of its motion for summary judgment ("Ferguson SJ Brief"), which contains, as page 1 of Exhibit J, a document with a Bates number of FER007165 (hereafter the "FER007165 Document").  Gillani's App., 6 (Ferguson's Appendix in Support of Motion for Summary Judgment [Dkt. 131], 169 (FER007165)).  The Ferguson SJ Brief substantially relies on the FER007165 Document to justify granting the summary judgment motion.  *See, e.g.*, Ferguson's Brief in Support of Its Motion for Summary Judgment [Dkt. 131] at 6, 15.  Inexplicably, this document was not previously produced to Gillani, notwithstanding the fact that it contains a Bates number (which would normally indicate production).  Gillani's App., 7, 12-13 (Screen Shot of FER01 Production CD; Email from R. Schwartz admitting document was not produced).  Ferguson's original document production contained a gap in its Bates numbering where FER007165 should have been, and did not contain any document with that Bates number.  *Id.*

In confirming the absence of the FER007165 Document in Ferguson's document production, Gillani discovered that Ferguson may have withheld the document on the basis of privilege.  On June 12, 2009, Ferguson provided Gillani with a privilege log that listed a number of documents that it was withholding on the basis of attorney client or work product privilege.

*See* Gillani's App., 8-11 (Ferguson's Privilege Log). The first document listed on the privilege log appears to be the FER007165 Document, as both the document listed and the FER007165 Document are a single page, dated September 23, 2002, authored by Kevin Nowe, and sent to M. D. Newingham and M. P. Wessner, regarding the transfer of FSS assets from J&L America, Inc. to Full Service Supply, Inc.[1] *Id.*, 6, 8 (FER007165 Document and Privilege Log). In its meet and confer, Gillani asserted that it appeared that the FER007165 Document had been withheld on the basis of privilege. *Id.*, 12-13 (Email Exchange with R. Schwartz). Ferguson did not dispute that this was in fact the case and offered no explanation for its improper withholding or its untimely production. *Id.*

### III.    ARGUMENT AND AUTHORITY

**A.    The FER007165 Document Should Be Stricken Pursuant to FRCP 37(d)**

Ferguson attached a previously unproduced document to its summary judgment briefing and relied on it as undisputed fact. Sanctions are appropriate because the document was not previously produced and Ferguson's production of this document with a Bates number that would seem to indicate prior production when no such production occurred was deceptive.[2] Sanctions are available pursuant to Rule 37(d) where a party responds to discovery requests in an evasive or misleading manner. Fed. R. Civ. P. 37(d); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 n.1 (5th Cir. 1990). Here, Ferguson has attempted to pass off a document

---

[1] The documents on Ferguson's privilege log all have Bates numbers with the prefix FPD (presumably, Ferguson Privileged Document) rather than the FER prefix that appears on produced documents. Thus, because Ferguson re-numbered the documents on its privilege log, Gillani can only use the other information regarding the document (date, length, author, recipient, and subject matter) to determine that the FER007165 Document is likely also FPD000001.

[2] Notably, this is not the first time Gillani has uncovered misrepresentations from Ferguson as to document production issues. *See* Gillani's Motion for Sanctions for Spoliation of Critical Evidence [Dkt. 113].

previously withheld (seemingly on the basis of privilege) as having been produced. As such, Ferguson's misleading actions regarding this document fall squarely within the Court's authority under Rule 37(d).[3]

Here, the appropriate sanction is striking Page 1 of Exhibit J (the FER007165 Document) from Ferguson's Appendix in Support of its Motion for Summary Judgment [Dkt. 131] and striking all references relying upon that document from Ferguson's Motion for Summary Judgment [Dkt. 131]. Sanctions can be tailored to fit the circumstances of the case. *Shumock v. Columbia/HCA Healthcare Corp.*, 1999 U.S. Dist. LEXIS 17783 at *5 n.4 (E.D. La. Nov. 10, 1999) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). Here, because of Ferguson's improper withholding of the FER007165 Document, Gillani was deprived of the opportunity to cross-examine Kevin Nowe (the author) and Martin Newingham (a recipient) regarding the document during their depositions. Ferguson claimed during the parties' meet and confer that the FER007165 Document merely described the documents produced at FER007166-FER007195, but this is incorrect. Ferguson relies on the FER007165 for the proposition that "by resolution dated June 25, 2002, J&L America, Inc. distributed by way of dividend the stock of Full Service Supply, Inc. to JLK Direct Distribution Inc." Gillani's App., 6 (FER007165 Document); *see also* Ferguson's Motion for Summary Judgment [Dkt. 131], 15 (claiming FSS, Inc. controlled by JLK Direct Distribution). The resolution accomplishing the alleged transfer to JLK Direct Distribution is not included in the documents attached at FER007166-FER007195, nor has it been produced. The previously unproduced

---

[3] The Court is also authorized to sanction Ferguson's conduct pursuant to its inherent power to sanction. *See In re Yorkshire, LLC*, 540 F.3d 328, 331-32 (5th Cir. 2008) ("It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court . . .").

FER007165 Document (however unreliable and inadmissible) is the only documentary evidence of this alleged transfer. Striking a document relied on in support of summary judgment is appropriate under these circumstances. *See, e.g.*, *McCray v. Peachey*, No. 06-2794, 2007 WL 3274872 (E.D. La. Nov. 6, 2007) (appropriate to strike evidence in support of motion for summary judgment when, in part, it was unproduced); *Pratt v. Pharmnet, Inc.*, No. 3:04CV208-D-A, 2006 WL 2943296, *3 (N.D. Miss. Oct. 13, 2006) (striking documents not previously produced).

A sanction of striking a document does not require a finding of bad faith. *See Chilcutt v. U.S.*, 4 F.3d 1313, 1322 (5th Cir. 1993) ("the sanction granted here was not tantamount to a default judgment, and this Court has never held that willful or contumacious conduct is a prerequisite to sanctions which are less harsh than a dismissal or default judgment."). Nonetheless, a misrepresentation (or lack of appropriate disclosure) regarding document production such as occurred here is precisely the type of conduct that justifies a finding of bad faith. *See, e.g.*, *In re Cochener*, 360 B.R. 542, 574-75 (Bkrtcy. S.D. Tex. 2007) (sanctions appropriate where, in part, a lawyer represented that documents would be produced, but then instructed client not to produce them). Page 1 of Exhibit J (the FER007165 Document) should be stricken from the record and the Court should not consider it in ruling on Ferguson's Motion for Summary Judgment.

**B.     Ferguson Waived Privilege for the Matters in the FER007165 Document**

To the extent that the attorney client privilege or work product doctrine apply to the FER007165 Document (which, as discussed below, they do not), those privileges were waived by Ferguson's offensive use of the document in support of its summary judgment motion. Ferguson does not dispute that it withheld the FER007165 Document as privileged. Gillani's

App., 12-13 (Email Exchange with R. Schwartz). Accordingly, all documents listed on Ferguson's privilege log that relate to the FSS assets, ownership of assets by J&L America, Inc. and Full Service Supply, Inc., corporate transactions described therein, and Ferguson's affirmative defenses and counterclaims arising from acts that occurred at FSS, J&L America, Inc, or Kennametal should be produced. Thus, Gillani moves the Court for an order compelling production of the remaining documents on Ferguson's privilege log for *in camera* review by the Court. Fed. R. Civ. Pro. 37(a)(3)(iv); *see also* Fed. R. Civ. Pro. 37(a)(4) (for purposes of a motion to compel, an "<u>evasive</u> or <u>incomplete</u> disclosure, answer, or response <u>must</u> be treated as a failure to disclose, answer, or respond.") (emphasis added).

     The attorney client privilege is waived when matters purportedly protected by the privilege are selectively disclosed or used offensively. *See, e.g., Nguyen v. Excel Corp.*, 197 F.3d 200, 207 & n.18 (5th Cir. 1999) (attorney client privilege is waived when selectively disclosed, or used as a "sword and a shield"). Waivers can occur when a party seeks to use documents or subject matters allegedly covered by the attorney client privilege for its own benefit in the case - as Ferguson does here - such as by offering testimony or producing documents purportedly covered. *See, e.g., United States v. Woodall*, 438 F.2d 1317, 1324-26 (5th Cir. 1971) (en banc) (testimony on part of conversation waived attorney client privilege for entire conversation); *Rockland Indus. Inc. v. Frank Kasmir Assocs.*, 470 F. Supp. 1176, 1181 (N.D. Tex. 1979) (production of document waived attorney client privilege). Waiver of the privilege for one document waives the privilege with respect to all other documents that relate to the same issues. *E.g., Nguyen*, 197 F.3d at 207 n.19.

     The work product doctrine, which is invoked for the FER007165 Document and a small number of the other documents listed on the Privilege Log, has also been waived. The work

product doctrine terminates when a party voluntarily discloses information to the court, as here. *See U.S. v. Nobles*, 422 U.S. 225, 239-40 (1975); *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1359 (5th Cir. 1983). As in *Nobles*, where the Court held that work product doctrine was waived when the party made testimonial use of matters purportedly covered by the doctrine, here it would be improper for Ferguson to selectively use the work product doctrine to prevent release of the matters referenced in the FER007165 Document that relate to the FSS assets, ownership of assets by J&L America, Inc. and Full Service Supply, Inc., corporate transactions described therein, and Ferguson's affirmative defenses and counterclaims arising from acts that occurred at FSS, J&L America, Inc, or Kennametal. *See also Schwegmann Westside Expressway, Inc. v. Kmart Corp.*, CIV. A. 94-2095., 1995 WL 510071, *5 -*6 (E.D. La. Aug. 25, 1995) (affidavit discussing topics waived work product protection for matters discussed in affidavit).

**C.     Ferguson Wrongfully Asserted Privileges on the FER007165 Document.**

Ferguson's assertion of attorney client privilege and the work product protection on the FER007165 Document was inappropriate as neither protection applies. The burden of proof to establish the attorney client privilege or work product doctrine is on the party invoking the privilege. *See, e.g.*, *Varo Inc. v Litton Sys. Inc.*, 129 F.D.R. 139, 141 (N.D. Tex. 1989). The document contains no legal advice and was not prepared in anticipation of litigation and Ferguson cannot meet its burden. Given Ferguson's improper designation of the FER007165 Document, Gillani is justifiably concerned about the designations Ferguson made on the other 25 documents on its privilege log and requests that the Court conduct an *in camera* review to determine whether any privilege applies.

     1.     <u>The Attorney Client Privilege Does Not Apply</u>

To establish the existence of the attorney client privilege, a party must demonstrate: (1)

that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. *U.S. v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original). Since the privilege "has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose." *Id.* (citing *Fisher v. United States,* 425 U.S. 391, 403 (1976)).

The FER007165 Document was apparently withheld on the basis of attorney-client privilege, however, nothing in the document is appropriately withheld on this basis. *See* Gillani's App., 6, 8, 12-13 (FER007165 Document; Privilege Log; Email Exchange with R. Schwartz). The FER007165 Document does not, in any way, serve the purpose of securing a legal opinion, legal services, or assisting in a legal proceeding – rather, it is a transmittal letter that notifies recipients of the completion of a transfer of ownership of corporate assets. *See U.S. v. Freeman*, 619 F.2d 1112, 1119-20 (5th Cir. 1980) (noting that an "attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction."). Gillani requests that the Court conduct an *in camera* review of the 25 other documents on the Privilege Log in order to determine whether they are appropriately withheld on the basis of attorney client privilege. *See, e.g.*, *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981) (noting propriety of *in camera* review).

2. <u>Work Product Protection Does Not Apply</u>

The "work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (quoting *United States v. Nobles*, 422 U.S. 225 (1975)). It is not to be viewed as "an umbrella that shades all materials prepared by a lawyer," rather its

focus is on protecting materials actually prepared in anticipation of litigation. *Id.* Materials "assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation" are not protected by the work product doctrine. *Id.* Relatedly, if "the document would have been created without regard to whether litigation was expected to ensue, it was made in the ordinary course of business and not in anticipation of litigation." *Mims v. Dallas County*, 230 F.R.D. 479, 484 (N.D. Tex. 2005). The "burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial." *Id.*

The FER007165 Document was apparently withheld, in part, on the claim that it was protected by the work product doctrine. *See* Gillani's App., 8, 12-13 (Ferguson's Privilege Log, FPD000001; Email Exchange with R. Schwartz). The FER007165 Document, while perhaps prepared by an individual who happens to be a lawyer, is also a document prepared in the ordinary course of business – namely, the transmittal of executed documents related to a business transaction. There is no suggestion that the document was prepared in anticipation of litigation, and it is undisputed that a transmittal of the kind evidenced in the FER007165 Document would have been prepared regardless of any potential litigation, upon the completion of the business transaction at issue. Given Ferguson's improper application of the work product doctrine as to the FER007165 Document, Gillani requests that the Court conduct an *in camera* review of the remaining documents on the Privilege Log in order to determine whether they are appropriately withheld on the basis of work product. *See, e.g., Application of Eisenberg*, 654 F.2d at 1112.

## VI.  CONCLUSION

Ferguson's reliance on a previously unproduced document that it disclosed for the first time on summary judgment (with a Bates number indicating prior production) requires sanctions.

Regardless of the basis on which it was withheld, Gillani was denied any ability to question the author and a recipient of document about it during their depositions. Under such circumstances, page 1 of Exhibit J and all references to it should be stricken from Ferguson's motion for summary judgment. Moreover, Ferguson's offensive use of the FER007165 Document constitutes a waiver of the attorney client privilege and work product doctrine as to the matters related to that document. Gillani requests that the Court conduct an *in camera* review to determine which documents on Ferguson's privilege log should be produced to Gillani. Finally, Gillani requests its attorneys' fees and costs associated with bringing this motion.

DATED this 19th day of April, 2010.

Respectfully submitted,

By: /s/ John W. Patton
John W. Patton
State Bar No. 00798422
K&L Gates LLP
1717 Main, Suite 2800
Dallas, Texas 75201
(214) 939-5500 (phone)
(214) 939-5849 (fax)
john.patton@klgates.com

David T. McDonald, *pro hac vice*
Washington Bar No. 5260
Jeffrey C. Johnson, *pro hac vice*
Washington Bar No. 23066
Joanne M. Hepburn, *pro hac vice*
Washington Bar No. 32841
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104
(206) 623-7580
(206) 623-7022 (fax)

ATTORNEYS FOR PLAINTIFF
GILLANI CONSULTING, INC.

**CERTIFICATE OF CONFERENCE**

On April 16, 2010, I called Rocky Schwartz, counsel for Defendant Ferguson Enterprises, Inc. to confer regarding the issues raised in this motion.  I left Mr. Schwartz a voicemail stating that Gillani believed that Exhibit J (the FER007165 Document) had not previously been produced and was actually a document that had appeared on Ferguson's privilege log.  I also followed up with an email stating the same information.  On April 19, 2010, Mr. Schwartz responded via email, disagreeing that Exhibit J should be stricken and asking that Gillani treat his position as "a conclusion to our meet and confer."  Gillani's App., 12-13 (Email Exchange with R. Schwartz).  Because Gillani does not agree with Ferguson's position, it is filing this Motion.

/s/ Jeffrey C. Johnson
**JEFFREY C. JOHNSON**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Richard L. Schwartz
Thomas F. Harkins, Jr.
Whitaker, Chalk, Swindle & Sawyer, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102

/s/ Joanne M. Hepburn
JOANNE M. HEPBURN